# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

SARAH J. MATHIEU,                )
                                 )
    *Plaintiff*               )
                                 )
v.                               )   No. 1:13-cv-239-JDL
                                 )
CAROLYN W. COLVIN,               )
*Acting Commissioner of Social Security,* )
                                 )
    *Defendant*               )

## REPORT AND RECOMMENDED DECISION[1]

This Social Security Disability ("SSD") appeal raises the question of whether the administrative law judge supportably found the plaintiff capable of performing work existing in significant numbers in the national economy. The plaintiff seeks remand on the bases that the administrative law judge found severe impairments of status-post stroke, diabetes, and obesity but assessed no resulting limitations, failed to evaluate her obesity in the manner required by Social Security Ruling 02-1p ("SSR 02-1p"), neglected to address her sister's testimony, and offered invalid reasons for finding her allegations less than fully credible. *See* Itemized Statement of Errors Pursuant to Local Rule 16.3 Submitted by Plaintiff ("Statement of Errors") (ECF No. 12) at 2-8. For the reasons that follow, I recommend that the court affirm the decision.

---

[1] This action is properly brought under 42 U.S.C. § 405(g). The commissioner has admitted that the plaintiff has exhausted her administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the commissioner to file a written opposition to the itemized statement. Oral argument was held before me on June 13, 2014, pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

1

Pursuant to the commissioner's sequential evaluation process, 20 C.F.R. § 404.1520; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff met the insured status requirements of the Social Security Act through June 30, 2008, Finding 1, Record at 18;[2] that, through her date last insured, she had severe impairments of recurrent incisional hernia status-post multiple surgical repair procedures, diabetes, obesity, and status-post stroke, Finding 3, *id.*; that, through her date last insured, she retained the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b), except that she was limited to no more than occasional kneeling, crouching, and crawling, could frequently climb ramps, stairs, ladders, ropes, and scaffolds, and could frequently balance and stoop, Finding 5, *id.* at 19; that, through her date last insured, considering her age (51 years old, defined as closely approaching advanced age, on her date last insured, June 30, 2008), education (limited), work experience (transferability of skills immaterial), and RFC, there were jobs existing in significant numbers in the national economy that she could perform, Findings 7-10, *id.* at 21; and that she, therefore, was not disabled at any time from July 15, 2003, her alleged onset date of disability, through June 30, 2008, her date last insured, Finding 11, *id.* at 22. The Appeals Council declined to review the decision, *id.* at 1-3, making the decision the final determination of the commissioner, 20 C.F.R. § 404.981; *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. § 405(g); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be

---

[2] To obtain SSD benefits, a claimant must demonstrate that he or she was disabled on or before his or her date last insured for benefits. *See, e.g., Chute v. Apfel*, No. 98-417-P-C, 1999 WL 33117135, at *1 n.2 (D. Me. Nov. 22, 1999).

supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than her past relevant work. 20 C.F.R. § 404.1520(g); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain substantial evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

## I. Discussion

### A. Failure To Assess Limitations

At step 2 of the sequential evaluation process, the administrative law judge found that the plaintiff's diabetes, obesity, and status-post stroke impairments "cause more than minimal functional limitations and are therefore severe for the purposes of this decision." Record at 18. However, at step 4, in assessing the plaintiff's RFC, she stated:

> The [plaintiff] has . . . been diagnosed with diabetes and obesity with little evidence of any significant resulting limitations. As of April 2006, her diabetes was classified as stable and controlled. There is no evidence of diabetic exacerbations at any point during the period at issue. The most recent treatment notes make no mention of diabetic complications. She reportedly has a history of stroke, but there is no evidence of any persistent resulting deficits despite her allegations of left hearing deafness. These impairments appear minimally limiting and did not prevent the [plaintiff] from performing the basic physical requirements of light work.

*Id*. at 20 (citations omitted). She noted that she had considered the opinions of two agency nonexamining consultants (Donald Trumbull, M.D., and Robert Hayes, D.O.), found them "not

inconsistent with the medical evidence as a whole," and "accorded [them] evidentiary weight" in determining the plaintiff's RFC. *Id*.

The plaintiff contends that the administrative law judge paradoxically, and erroneously, found three severe impairments for which she assessed no resulting limitations. *See* Statement of Errors at 2. She argues that the error was not harmless given that (i) neither Dr. Trumbull nor Dr. Hayes considered her severe impairments of obesity or stroke, (ii) the administrative law judge, therefore, impermissibly construed raw medical evidence in determining her RFC, (iii) the plaintiff and her sister both testified to likely disabling limitations, and (iv) the administrative law judge misled the plaintiff, who was unrepresented by counsel, by incorrectly advising her that if she worked after suffering an impairment, the impairment could not be considered "severe." *See id*. at 2-4.

The commissioner rejoins that the plaintiff's argument is "purely technical," given that the administrative law judge's RFC finding matches that of Dr. Trumbull, there are no other medical opinions of record assessing the plaintiff's RFC besides those of Drs. Trumbull and Hayes, the plaintiff does not contest the accuracy of the administrative law judge's description of the record evidence bearing on the three impairments at issue, and the plaintiff fails to identify any specific evidence that would have compelled a different conclusion. *See* Defendant's Opposition to Plaintiff's Statement of Errors ("Opposition") (ECF No. 15) at 3-5.[3]

The commissioner has the better argument. Despite the seemingly contradictory nature of the administrative law judge's findings at steps 2 and 4, her step 4 finding is supported by

---

[3] Drs. Hayes and Trumbull agreed on the plaintiff's exertional capacity (that is, her ability to lift, carry, stand, walk, sit, and push/pull. *Compare* Record at 236 *with id*. at 245. The only differences are that, while Dr. Trumbull deemed the plaintiff able to climb ramps, stairs, ladders, ropes, and scaffolds frequently and stoop frequently, Dr. Hayes found her able to climb ramps and stairs and stoop only occasionally and never climb ladders, ropes, or scaffolds and, whereas Dr. Trumbull assessed no environmental limitations, Dr. Hayes noted that the plaintiff needed to avoid uneven surfaces. *Compare id*. at 237, 239 *with id*. at 246, 248. The plaintiff does not suggest that adoption of Dr. Hayes' postural and environmental limitations would have made any difference. *See generally* Statement of Errors.

4

substantial evidence. Dr. Trumbull indicated that he took into account the plaintiff's primary diagnoses of stroke, high blood pressure, and diabetes, secondary diagnosis of hernias, and other alleged impairments of hearing loss and GERD (gastroesophageal reflux disease). *See* Record at 235. He stated that the medical evidence of record supported some limitations due to the plaintiff's prior surgeries "aggravated by her morbid obesity." *Id*. at 240. He summarized evidence that he had reviewed bearing on all three of the conditions at issue. *See id*. at 242.

The only evidence of record identified by the plaintiff as indicating greater limitations is her testimony and that of her sister. *See* Statement of Errors at 4. However, "an applicant's testimony alone cannot serve to require a finding of greater restrictions than those included in her RFC by an administrative law judge." *Evans v. Colvin*, No. 1:12-cv-211-DBH, 2013 WL 1632644, at *4 (D. Me. Mar. 28, 2013) (rec. dec., *aff'd* Apr. 16, 2013). In any event, for the reasons discussed below, I find no reversible error in the administrative law judge's handling of that testimony.[4]

Finally, while the plaintiff complains that she was misled by the administrative law judge's comment, at the close of her hearing, that an ability to work after one has a disease or disorder means that the condition is not severe, *see* Statement of Errors at 4; Record at 41, she does not explain, and it is not otherwise apparent, how that exchange affected the outcome of her case.

In short, the administrative law judge's RFC determination is supported by substantial evidence. Any error in finding severe impairments for which no limitations appear to have been assessed, accordingly, is harmless.

---

[4] The plaintiff analogizes this case to *Tompkins v. Colvin*, No. 1:13-CV-73-GZS, 2014 WL 294474 (D. Me. Jan. 27, 2014), and *Huston v. Colvin*, No. 2:12-cv-00282-JAW, 2013 WL 3816615 (D. Me. July 19, 2013), in which this court found reversible error when an administrative law judge assessed no limitations from fibromyalgia after deeming that condition severe, and *Kaylor v. Astrue*, No. 2:10-cv-33-GZS, 2010 WL 5776375 (D. Me. Dec. 30, 2010) (rec. dec., *aff'd* Feb. 7, 2011), in which this court found reversible error when an administrative law judge failed to explain what limitations, if any, she attributed to a claimant's severe impairment of obesity. *See* Statement of Errors at 3. *Kaylor* is distinguishable for the reasons discussed below. *Tompkins* and *Huston* are distinguishable in that, in those cases, the administrative law judge relied in some measure on agency consultants' RFC opinions that predated the claimants' diagnoses of fibromyalgia. *See Tompkins*, 2014 WL 294474, at *6; *Huston*, 2013 WL 3816615, at *4.

## B. Flawed Obesity Analysis

The plaintiff next complains that the administrative law judge's contradictory and cursory handling of her obesity impairment failed to satisfy SSR 02-1p's requirements that an administrative law judge make, and explain, an individualized assessment of the impact of obesity. *See* Statement of Errors at 4-6; *see also* SSR 02-1p, reprinted in *West's Social Security Reporting Service* Rulings 1983–1991 (Supp. 2013), at 257 ("An assessment should . . . be made of the effect obesity has upon the individual's ability to perform routine movement and necessary physical activity within the work environment. Individuals with obesity may have problems with the ability to sustain a function over time. . . . As with any other impairment, we will explain how we reached our conclusions on whether obesity caused any physical or mental limitations.").[5]

She contends that the error is not harmless in view of her sister's testimony concerning the effects of her obesity. *See* Statement of Errors at 6 (citing Record at 35-36; *Kaylor*, 2010 WL 5776375, at *3; *Fothergill v. Astrue*, No. 2:11-cv-247-DBH, 2012 WL 1098444, at *3-*4 (D. Me. Mar. 29, 2012) (rec. dec., *aff'd* Apr. 17, 2012)).

As the commissioner notes, *see* Statement of Supplemental Case Authorities (ECF No. 18) at 1, in *Dixson v. Colvin*, No. 2:13-cv-165-GZS, 2014 WL 1569530 (D. Me. Apr. 18, 2014), this court distinguished *Kaylor* and *Fothergill* on the basis that, in those cases, the administrative law judge had not relied on experts who expressly took the effects of obesity into account, *see Dixson*, 2014 WL 1569530, at *4. The court held that when an administrative law judge relies on expert opinions that do take into account the effects of obesity, the burden shifts to the claimant to demonstrate additional limitations that he or she claims were omitted. *See id.*; *see also, e.g.,*

---

[5] At oral argument, the commissioner mistakenly contended that SSR 02-1p requires consideration, but not express discussion, of the limiting effects of obesity.

6

*Rucker v. Colvin*, Civil No. 2:13-CV-218-DBH, 2014 WL 1870731, at *3 (D. Me. May 8, 2014) (same).

At oral argument, the plaintiff's counsel sought to distinguish *Dixson* on the bases that, there, the administrative law judge expressly stated that he was relying on the expert opinions at issue, and the experts expressly took obesity into account. *See Dixson*, 2014 WL 1569530, at *3 (expert present at hearing "testified that he took obesity into account in assessing the [claimant's] ability to ambulate, climb, lift, bend, and kneel[,]" and examining agency consultant noted that claimant had limitations against prolonged standing and walking due to obesity and that climbing, bending, stooping, and crawling would be difficult due to her size). The plaintiff's counsel argued that, in this case, the administrative law judge did not rely on the Trumbull or Hayes opinions but, rather, gave them only some weight, and, in any event, Drs. Trumbull and Hayes gave at most cursory consideration to obesity, with neither indicating that he found the impairment severe.

I agree with the commissioner that this case falls on the *Dixson*, rather than *Fothergill/Kaylor*, side of the line. First, it is clear that the administrative law judge relied on the Trumbull RFC opinion: she adopted all of the Trumbull restrictions. *Compare* Finding 5, Record at 19 *with id*. at 236-40. Second, Dr. Trumbull took the plaintiff's obesity into account. He attributed the limitations he assessed on kneeling, crouching, and crawling to the plaintiff's multiple hernia surgeries, *see id*. at 237, and explained that the medical evidence of record supported some limitations due to the plaintiff's prior surgeries "aggravated by her morbid obesity[,]" *id*. at 240.

The burden, thus, shifted to the plaintiff to identify omitted limitations. She points only to her sister's testimony. *See* Statement of Errors at 6. Assuming *arguendo* that such testimony, standing alone, could form the basis for remand, the testimony at issue falls short of doing so. The

plaintiff's sister testified, in effect, that the plaintiff's weight exacerbated her hernia condition because it made it dangerous for her to have more hernia surgeries. *See* Record at 35-36. The plaintiff does not dispute that the administrative law judge assessed limitations resulting from her hernia condition. *See* Statement of Errors at 2. Thus, she identifies no obesity-related restriction that was omitted from her RFC.

### C. Failure To Address Third-Party Testimony

The plaintiff next faults the administrative law judge for failing even to mention, much less evaluate, her sister's testimony. *See* Statement of Errors at 7. She contends that this constitutes reversible error because the administrative law judge failed to give careful consideration to a third-party statement, as required by 20 C.F.R. § 404.1529(c)(3). *See id.* She asserts that the failure was particularly significant because she was unrepresented at the hearing, and was not harmless because the testimony corroborated her own testimony of likely disabling limitations. *See id.*

As the commissioner observes, *see* Opposition at 9, the regulation to which the plaintiff points requires consideration, but not express discussion, of third-party statements, *see* 20 C.F.R. § 404.1529(c)(3) ("[W]e will carefully consider any other information you may submit about your symptoms."); *see also, e.g., Rodriguez v. Secretary of Health & Human Servs.*, No. 90-1039, 1990 WL 152336, at *1 (1st Cir. Sept. 11, 1990) ("An ALJ is not required to expressly refer to each document in the record, piece-by-piece.").

In any event, even assuming *arguendo* that the administrative law judge erred in failing to discuss the testimony, any error was harmless. As the commissioner points out, *see* Opposition at 9-10, the testimony has little, if any, relevance. It bore on the plaintiff's condition as of the date of the hearing, November 17, 2011, *see* Record at 23, 35-36, more than three years after the expiration of her date last insured.

8

## D. Flawed Credibility Analysis

The plaintiff finally argues that the administrative law judge erred in discounting her credibility based on a report that she was walking in 2005 and gaps in the medical evidence. *See* Statement of Errors at 7-8.

She points out that walking one mile a day is not evidence of a full-time work capacity, and that the 2005 report predates her date last insured by approximately three years. *See id.* at 8. She contends that purported gaps in the evidence are not a valid basis for a negative credibility in circumstances such as these, in which she was an unrepresented claimant with an eighth-grade education and the administrative law judge failed to follow up when she did not submit missing records after being offered the opportunity to do so. *See id.*[6]

"The credibility determination by the ALJ, who observed the claimant, evaluated [her] demeanor, and considered how that testimony fit in with the rest of the evidence, is entitled to deference, especially when supported by specific findings." *Frustaglia v. Secretary of Health & Human Servs.*, 829 F.2d 192, 195 (1st Cir. 1987).

As the commissioner contends, *see* Opposition at 12, consideration of the plaintiff's ability to walk one mile a day was not improper, *see, e.g.*, 20 C.F.R. § 404.1529(c)(3)(i) ("Factors relevant to your symptoms, such as pain, which we will consider include . . . [y]our daily activities[.]"). The plaintiff had alleged that she could only walk for 10 minutes before requiring rest. *See* Record at 19. The evidence indicated otherwise, at least for part of the time period during which the plaintiff alleged she was disabled.

---

[6] The missing records were those of the plaintiff's primary care physician, Gust S. Stringos, D.O., for the period postdating 2006. *See* Record at 36-37. The administrative law judge held the record open for a week for the plaintiff to submit the records. *See id.* at 38-39. After the plaintiff obtained the services of her current counsel, he submitted a packet of approximately 50 pages of Dr. Stringos' notes to the Appeals Council. *See* Statement of Errors at 8; Exh. 1 (ECF No. 15-1) to Opposition. The commissioner appended that packet of notes, which is not part of the record, as an exhibit to her brief. *See id.*

9

As the commissioner observes, *see* Opposition at 12-13, the administrative law judge did not drew a negative credibility inference based on gaps in the record *per se*. Rather, she concluded that the evidence of record did not entirely support the plaintiff's allegations; for example, while the plaintiff had "clearly experienced problems with a recurrent incisional hernia between 2003 and 2005[,]" there was "no evidence of any significant recurrences since her last repair procedure in September 2005." Record at 20. The plaintiff does not argue that the missing evidence would have altered any of these conclusions. *See generally* Statement of Errors. Indeed, at oral argument, her counsel clarified that she does not contend that the administrative law judge failed to develop the record by neglecting to ensure that the Stringos records were obtained.

The plaintiff, therefore, falls short of demonstrating reversible error in the administrative law judge's credibility determination.

## II. Conclusion

For the foregoing reasons, I recommend that the decision of the commissioner be **AFFIRMED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which <u>de novo</u> review by the district court is sought, together with a supporting memorandum and request for oral argument before the district judge, if any is sought, within fourteen (14) days after being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to <u>de novo</u> review by the district court and to appeal the district court's order.*

Dated this 27th day of July, 2014.

                                              /s/  John H. Rich III
                                              John H. Rich III
                                              United States Magistrate Judge